Citation Nr: 1532757 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 08-34 637 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Wilmington, Delaware


THE ISSUE

Entitlement to service connection for a low back disability. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

G. Jackson, Counsel


INTRODUCTION

The Veteran served on active duty from May 1979 to June 1995.

This matter originally came to the Board of Veterans' Appeals (Board) on appeal from a June 2006 rating decision issued by the RO.

The Board previously remanded this issue in January 2012 and July 2014 for additional development. The development has been completed and the case has been returned to the Board for appellate consideration.

This appeal was processed using the VBMS paperless claims processing system.


FINDING OF FACT

The Veteran's current lumbosacral strain is not attributable to injury sustained during service; arthritis of the thoracolumbar spine was not manifest in service or within one year of separation.


CONCLUSION OF LAW

A thoracolumbar spine disability was not incurred in or aggravated by service and arthritis may not be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1154 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000

The Veterans Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The VCAA applies to the instant claim. 

VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

The duty to notify in this case was satisfied by letters sent to the Veteran in July 2005 and January 2012. The claim was last adjudicated in November 2014.

In addition, the duty to assist the Veteran has also been satisfied in this case. The Veteran's service treatment records as well as all identified and available VA and private medical records are in the claims file and were reviewed by both the RO and the Board in connection with his claim. The Veteran has not identified any other outstanding records that are pertinent to the issue currently on appeal. 

In addition, the Veteran was afforded VA examination in connection with his claim for service connection. To that end, when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the examination and the medical opinion obtained in October 2014 are adequate with regard to the issue on appeal, as the October 2014 opinion was predicated on a full reading of the service treatment records as well as the private and VA medical records contained in the Veteran's claims file. The physician considered all of the pertinent evidence of record, including the contentions and statements of the Veteran and provided a complete rationale for the opinion stated, relying on and citing to the records reviewed. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion with respect to the issue on appeal has been met. 38 C.F.R. § 3.159(c)(4). 

Further, the Board is aware that this appeal was, most recently, remanded by the Board in July 2014. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that a Court or Board remand confers upon the appellant the right to compliance with that order). That remand requested that the Agency of Original Jurisdiction schedule the Veteran for examination to evaluate and offer opinion as to etiology of the back disability, taking into account the Veteran's reported history of injury sustained in service. Here, the physician offered an opinion in October 2014 that addresses the etiology of his back disability, with due consideration given to the Veteran's reported history of the back disability. Accordingly, the Board finds that there has been substantial compliance with its previous remands and it may proceed to adjudication of this appeal. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

In summary, the Veteran was notified and aware of the evidence needed to substantiate his claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. He was an active participant in the claims process submitting evidence and argument and presenting for a VA examination. Thus, he was provided with a meaningful opportunity to participate in the claims process and has done so. Any error in the sequence of events or content of the notices is not shown to have any effect on the case or to cause injury to the Veteran. Therefore, any such error is harmless and does not prohibit consideration of these matters on the merits. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998).

Laws and Regulations

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1110. Establishing service connection generally requires (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table); 38 C.F.R. § 3.303.

In addition, for Veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including arthritis, are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113. 38 C.F.R. §§ 3.307, 3.309.

If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology is required. 38 C.F.R. §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). As noted, arthritis is a chronic disease. 38 U.S.C.A. § 1101. The appellant has arthritis (spurring) of the lumbar and cervical spines. 
 
Service connection may be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b).

Analysis

As an initial matter, the Board notes that the Veteran does not allege, and the evidence does not reflect, that the disability for which he claims entitlement to service connection is the result of participation in combat with the enemy. Therefore, the combat provisions of 38 U.S.C.A. § 1154 (West 2014) are not applicable.

Service treatment records reflect that the Veteran sought treatment for complaints referable low back pain. A September 1987 service treatment record reflects the Veteran's complaints of back pain. He reported that he fell while playing basketball 5 months earlier. He had left lumbar pain with radiation into his left lower extremity. On examination, the assessment was mechanical low back pain with questionable radiculopathy. The February 1995 retirement examination report shows that the clinical evaluation of the spine was normal. 

Subsequent to service, private and VA medical records verify that the Veteran has current back disability. For example, June 2006 X-ray report documented findings of scoliosis convex left thoracolumbar junction. The June 2010 MRI report showed very slight bulging of discs at L3-L4 and L4-L5 with degenerative facet changes without significant narrowing of the thecal sac or neural foramina. The January 2012 report of private examination documents the Veteran's complaint of low back pain. On examination, diagnoses were low back pain secondary to lumbar facet joint syndrome, sacroiliac joint syndrome and spinal stenosis. The October 2014 VA examination report reflects diagnoses of lumbosacral strain and lumbar degenerative joint disease (arthritis). Thus, the remaining inquiry is whether such disability is related to service.

On this record, the Board finds that service connection for the current back disability is not warranted. Though the Veteran has current disability, the weight of the evidence, lay and medical, does not demonstrate a link between the onset of the current back disability to disease or injury sustained during a period of service. To that end, the Board notes that in the October 2014 report of VA examination the physician opined that it was less likely as not that the Veteran's current back disability was related to injury sustained during a period of service. The physician acknowledged the service treatment record documenting complaint of back pain in September 1987 but concluded there was no indication that chronic disability resulted therefrom as there was no other documentation of back pain or injury noted in the service treatment records. 

To the extent that the Veteran has lumbar degenerative joint disease (arthritis), the Board notes that there is no evidence of arthritis of the spine shown in service. To determine that a chronic disease was shown in service, the disease identity must be established. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). No examiner at the time, or since, has established that there was a finding sufficient to establish arthritis during service. To that end, although, a September 1987 service treatment record documents the Veteran's complaints of back pain, on examination the assessment was mechanical low back pain with questionable radiculopathy. Additionally, the February 1995 retirement examination report shows that the clinical evaluation of the spine was normal. In sum, characteristic manifestations sufficient to identify the disease (arthritis) entity were not noted. 

To the extent that the Veteran asserts that symptoms of his lumbar spine arthritis have been continuous since service, the Board finds that the weight of the evidence is against finding such symptoms were continuous after service separation. The Board finds that the Veteran did not exhibit chronic symptoms related to the lumbar spine in service, or continuous symptoms post-service. The service treatment records show that in September 1987 the Veteran had complaints of back pain and the assessment was mechanical low back pain with questionable radiculopathy. At the time of the February 1995 retirement examination report, the Veteran reported a history of recurrent back pain in a report of medical history. The clinical evaluation of the spine was normal. Subsequent to service, the first indication of back problems is a June 2005 private treatment record that reflects the Veteran's complaint of low back pain noticed mostly in the morning that onset 3- 4 days earlier. Additionally, there is no evidence of arthritis within one year of separation from service. The Board finds that lumbar spine symptoms were not chronic in service, nor were back complaints shown to be continuous since service separation. 
Thus, service connection cannot be awarded on a presumptive basis. 38 U.S.C.A. § 1101, 1110, 1112, 1113, 1131, 1137; 38 C.F.R. § 3.303(b), 3.307, 3.309.

The only other evidence of record supporting this claim is the various general lay assertions. In this case, the Board finds that the Veteran was competent to state that he sustained injury during service that resulted in back pain. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). The Board, however, retains the discretion to make credibility determinations and otherwise weigh the evidence submitted, including lay evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Once evidence is determined to be competent, the Board must determine whether such evidence is also credible. See Layno v. Brown, 6 Vet. App. 465 (1994) (distinguishing between competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted")); see also Barr v. Nicholson, 21 Vet. App. 303 (2007). Given the complaints documented in the service treatment records, the Board finds his assertions to be credible. However, in this case, the Board finds the opinion offered by the VA physician in October 2014 to be more probative. The VA physician is a medical professional who reviewed the claims file, considered the reported history and provided clear rationale to support the conclusion. The physician used his expertise in reviewing the facts of this case and determined that the current back disability was unrelated to incident of the Veteran's period of service. It is clear that the physician fully understood the basis for the claim yet still determined, after reviewing the facts of the case, that the Veteran's current back disability was related to causes other than service. 

For the foregoing reasons, the Board finds that the claim of entitlement to service connection for a low back disability must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

Entitlement to service connection for a low back disability is denied. 



____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs